## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ADAM LUJANO,

      Plaintiff,

v.                                                  Case No. 25-cv-400-NJR

JOHN BARWICK, JOHN DOE
DENTIST, and CHISTAIN BROWN,

      Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Adam Lujano, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center. Lujano's original complaint alleging deliberate indifference to his dental needs was dismissed without prejudice for failure to state a claim (Docs. 1, 15), but he was granted leave to file an amended pleading. In his Amended Complaint (Doc. 19), Lujano alleges that he was denied proper dental treatment in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

While housed at the Cook County Jail in July 2023, a dentist informed Lujano that he needed a cap and crown on one of his teeth (Doc. 19, p. 2). After entering IDOC custody, Lujano was initially housed at Pinckneyville (*Id*.). He arrived at Pinckneyville sometime in either October or November 2023 and began submitting requests to see the dentist sometime between his arrival date and December 2023 (*Id*.).

Lujano does not recall the date of his first appointment with the unknown dentist. He merely indicates that it was sometime between October and December 2023 (Doc. 19, pp. 2-3). At that time, he was in a lot of pain, and he told the dentist that the previous provider at Cook County indicated Lujano needed a cap and crown (*Id*. at p. 3). John Doe Dentist noted that he would not provide a cap and crown but would pull the tooth if Lujano wanted the tooth pulled (*Id*.). Lujano believed that the tooth could be fixed and declined the dentist's offer (*Id*.). He wrote grievances asking that the tooth be repaired (*Id*.).

On December 16, 2023, Lujano was transferred to Wisconsin on a writ and remained in jail there until March 2024 (Doc. 19, p. 3). Although he was scheduled to see a dentist in Wisconsin, he transferred back to Pinckneyville prior to the scheduled appointment (Id.). Upon arriving back at Pinckneyville, he again put in request slips to see the dentist (Id.). At some point between March and May 2024, he again saw the dentist who offered to pull the tooth (*Id*.). Lujano agreed to have the tooth pulled (*Id*.). Lujano

2

contends that the dentist pulled on the tooth for 10-15 minutes and was only able to retrieve a portion of the tooth (*Id.*). Lujano had to return to the dentist at a later date to have more pieces taken out (*Id.* at p. 4). He contends that the dentist's action left him in more pain after the tooth was pulled than he had prior to the procedure (*Id.*). Lujano alleges that he had to go back to the dentist on three or four occasions before all of the pieces of the tooth were removed (*Id.*). The tooth was not fully removed until July 2024 (*Id.*).

Lujano alleges that he was still in pain and had to go back to the dentist (*Id.*). He learned that the root was exposed (*Id.*). The dentist claimed that he was unable to fix the tooth (*Id.*). Lujano alleges that he is currently at Lawrence and scheduled to see a dentist there but is still in pain from the exposed root (*Id.*).

## Preliminary Dismissals

Although Lujano identifies Warden John Barwick and medical director Chistain Brown as defendants, he fails to include any allegations against them in his statement of claim. He merely alleges that both officials were responsible for operations at the prison and in charge of inmate welfare (Doc. 19, pp. 1-2). These high-ranking officials cannot be liable simply because of their positions of authority because the doctrine of *respondeat superior* (or supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Nor are there any allegations to suggest these officials were aware of Lujano's need for dental care or that they acted with deliberate indifference in providing him care. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (stating that the relevant inquiry is whether defendants "actually knew about the

plaintiff's condition, not whether a reasonable official should have known"). Thus, any claim against Barwick or Brown is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

> **Count 1:**   **Eighth Amendment deliberate indifference claim against the John Doe Dentist for failing to properly treat Lujano's tooth.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Lujano states a viable claim against the John Doe Dentist. He alleges that the dentist delayed his care, refused Lujano's request to fix the tooth, and ultimately botched the extraction leading to Lujano remaining in pain to this day.

## Disposition

For the reasons stated above, Count 1 shall proceed against John Doe Dentist. Warden John Barwick will remain in the case (in his official capacity only) to help identify

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

the John Doe Dentist. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for John Barwick (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendant Barwick's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on him, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Because Warden Barwick is in the case only to respond to discovery aimed at identifying the John Doe Dentist, he does not need to file an Answer. After counsel has entered his appearance for Barwick, the Court will enter a scheduling order for discovery regarding the John Doe.

Because Lujano's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order**.**

If judgment is rendered against Lujano, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Lujano is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 20, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your Amended Complaint. After service has been achieved, the defendant will enter an appearance. The Court will then enter a scheduling order for discovery regarding the John Doe. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**